IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE MOORE III, | No. C -11-04582-EDL |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S REQUEST TO RE-OPEN CASE** |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

On September 28, 2011, this Court issued an Order granting Plaintiff Lonnie Moore's Application to Proceed In Forma Pauperis and dismissing the case without prejudice. Title VII "requires the plaintiff to exhaust administrative remedies . . . before seeking a private action for damages." Surrell v. California Water Service Co., 518 F.3d 1097, 1103-1104 (9th Cir. 2008); 42 U.S.C. § 2000e-5(b). The Court held that the Complaint provided no indication that Plaintiff received a "right to sue" letter prior to filing suit, and an August 30, 2011 letter attached to the complaint showed that Plaintiff was invited to file a formal EEOC complaint with the Postal Service within 15 days of receipt, but there was no indication that he did so or otherwise exhausted his administrative remedies prior to filing a civil suit in this Court.

Plaintiff has filed a document requesting that the Court re-open the case because "the file did have the 'right to sue' letter in it," and re-attaching the previously filed August 30, 2011 letter. Unfortunately, the August 30 letter does not authorize Plaintiff to file a civil action or demonstrate exhaustion of administrative remedies; rather, it provides direction on how Plaintiff should have initiated the administrative EEOC process by stating that:

> At this time there is no resolution to your counseling request. You have two

options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can elect to file a formal complaint.  If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint.  Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit.

Therefore, the Court DENIES Plaintiff's request to re-open the case.  Should Plaintiff wish to pursue his claims, he must follow proper administrative procedure prior to filing an action in this Court.

**IT IS SO ORDERED.**

Dated: October 12, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

2